UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL COOPER,

      Petitioner,                        Civil Action No. 14-CV-13108

vs.                                 HON. BERNARD A. FRIEDMAN

DUNCAN MACLAREN,

      Respondent.

_____/

**ORDER DENYING MOTION TO STAY PROCEEDINGS
AND HOLD HABEAS PETITION IN ABEYANCE**

          This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Petitioner was convicted of first-degree murder, MICH. COMP. LAWS § 750.316, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in Wayne County Circuit Court.  In 2010 he was sentenced to life imprisonment without the possibility of parole.  In his habeas application, petitioner raises claims concerning the great weight of the evidence, the sufficiency of the evidence, the effectiveness of trial and appellate counsel, the conduct of the prosecutor, the jury instructions, and the legality of a search and seizure of evidence.  The matter is now before the Court on petitioner's motion to stay the proceedings and hold his habeas petition in abeyance so that he may return to the state courts and exhaust additional issues concerning the legality of his arrest, the non-disclosure of evidence, and the effectiveness of trial and appellate counsel.

          Following sentencing, petitioner filed an appeal of right with the Michigan Court of Appeals raising several claims, including most of those contained in his current petition.  The Michigan Court of Appeals affirmed his convictions and sentences.  *People v. Cooper*, No. 301485,

2013 WL 2120274 (Mich. Ct. App. May 16, 2013).  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Cooper*, 495 Mich. 882, 838 N.W.2d 553 (Oct. 28, 2013).  Petitioner filed the instant petition on August 12, 2014.  He filed the instant motion January 13, 2016.

A prisoner filing a petition for a writ of habeas corpus must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  The claims must have been presented to the state courts as federal constitutional issues.  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court.  *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

A federal district court may stay a petition that contains both exhausted and unexhausted claims, to allow the petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition.  *Rhines v. Weber*, 544 U.S. 269, 276 (2005).  However, stay and abeyance is available only in "limited circumstances" where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Id.* at 277-78.

In the present case, petitioner has not shown that a stay should be granted.  He fails to show that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), will preclude review.  The one-year limitations period does not begin to run until 90 days

2

after the conclusion of direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). The Michigan Supreme Court denied leave to appeal on October 28, 2013, and the time for seeking a writ of certiorari with the United States Supreme Court expired on or about January 26, 2014. Petitioner filed his federal habeas petition on August 12, 2014. Thus, less than seven months of the one-year period had expired when the petitioner instituted this action. While the time during which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), this time period is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time when any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that more than five months of the one-year period remains, petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

Additionally, petitioner fails to explain his extended delay in seeking to pursue these claims, most of which should have been known to him at the time of his trial or direct appeal. Petitioner has not shown good cause for failing to fully and properly exhaust the additional issues in the state courts before seeking federal habeas relief. The fact that appellate counsel did not raise the issues on direct appeal, while perhaps establishing cause for that procedural default, does not excuse petitioner's failure to exhaust all of his issues on state collateral review before proceeding in federal court. The lack of a legal education, ignorance of the law, and/or the lack of legal assistance do not constitute good cause for the failure to exhaust state remedies. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

Under these circumstances, petitioner has not shown that a stay is warranted.

Accordingly,

IT IS ORDERED that petitioner's motion to stay the proceedings and hold his habeas petition in abeyance is denied.

S/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: February 4, 2016
   Detroit, Michigan